## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**HENRY GRAVES, Jr.,**

      **Plaintiff,**

v.                                                  **No. CV 15-0330 LAM/CEG**

**BULL ROGERS, Inc. and BULL ROGERS**
**LAYDOWN, Inc.,**

      **Defendants.**

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on ***Defendants' Motion for Rule 37(d) Sanctions (Doc. 32)***, filed November 17, 2015. No response to the motion has been filed and the time for doing so has passed. Having reviewed the motion, record of the case, and relevant law, the Court shall order Plaintiff to show cause why his case should not be dismissed and why Plaintiff should not be ordered to pay reasonable expenses, including attorney's fees, caused by his failure to appear at his deposition.

In their motion for sanctions Defendants state that, on September 9, 2015, they served on Plaintiff's counsel a Notice of Deposition, setting Plaintiff's deposition for November 5, 2015. [*Doc. 32* at 1]. After the Court granted Plaintiff's counsel's unopposed motion to withdraw from this case, Defendants state that they sent via regular and certified mail a letter, along with the Notice of Deposition, again notifying Plaintiff of his deposition scheduled for November 5, 2015. *Id.*[1] Defendants state that they appeared for the deposition, waited forty-five minutes for Plaintiff to appear, and attempted to reach Plaintiff via the phone number provided by Plaintiff's counsel. *Id.* at 2. Defendants state that they were unable to reach Plaintiff and they left a message for him

---

[1] The Court notes that in Plaintiff's counsel's unopposed motion to withdraw as counsel for Plaintiff, Plaintiff's former attorneys state that they also notified Plaintiff by letter of his November 5, 2015 deposition. [*Doc. 29* at 2].

on an answering machine, but Plaintiff did not return their call or appear for his deposition. *Id.* Defendants, therefore, ask the Court to impose the sanction of dismissal of Plaintiff's claims and complaint pursuant to Fed. R. Civ. P. 37(b)(2)(A) and 37(d)(3), and for an order requiring Plaintiff to pay reasonable expenses, including attorney's fees, caused by his failure to appear. *Id.*

Rule 37(d) allows a court to sanction a party who fails to appear for a deposition after receiving proper notice by, among other options, dismissing the lawsuit as a whole. *See* Fed. R. Civ. P. 37(d) and 37(b)(2)(A)(v). "Instead of or in addition to [the sanctions listed in Rule 37(b)(2)(A)(i)-(vi)], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The Court also has authority to dismiss a lawsuit *sua sponte* as a sanction for a plaintiff's failure to prosecute a case. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute.").

**IT IS THEREFORE ORDERED** that, **within fifteen (15) days of the entry of this Order - by December 31, 2015**, Plaintiff shall file a response to this Order showing cause why his case should not be dismissed for failure to appear at his deposition, and why he should not be ordered to pay Defendants' reasonable expenses, including attorney's fees, caused by his failure to appear. **<u>The Court warns Plaintiff that failure to respond to this Order to Show Cause will result in the dismissal of his claims and this lawsuit without further notice</u>.**

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent**